ABRAMOWITZ v. ABRAMOWITZ et al.

(City Court of New York, Special Term. November 28, 1908.)

1. PLEADING (§ 345*)—JUDGMENT ON PLEADINGS—DISMISSAL.

Where the complaint fails to state a cause of action, defendant is entitled to judgment of dismissal upon the merits under Code Civ. Proc. § 547, added by Laws 1908, p. 462, c. 166, providing that, if either party is entitled to judgment upon the pleadings, the court may upon motion at any time after issue joined give judgment accordingly.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1055; Dec. Dig. § 345.*]

2. BILLS AND NOTES (§ 280*) — LIABILITY OF INDORSER — ENLARGEMENT OF LIABILITY.

The liability of an indorser of commercial paper cannot be enlarged beyond that imposed by statute.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 622; Dec. Dig. § 280.*]

3. BILLS AND NOTES (§ 255*)—INDORSEMENT IN BLANK—ACTION BY MAKER AND HOLDER—STATUTORY PROVISIONS.

Under Negotiable Instruments Law, § 116 (Laws 1897, p. 734, c. 612), providing that an indorser of a note in blank warrants to all subsequent holders in due course that he will pay the note on receiving due notice that the maker, on demand made at the proper time, has neglected to pay, one

who is both the maker and holder of a note indorsed in blank cannot sue the indorser on the note.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 255.*]

4. BILLS AND NOTES (§ 440*)—ACCOMMODATION NOTE—SUIT AGAINST INDORSER.

If the holder of a note is an accommodation maker thereof for the benefit of an indorser in blank, whose proper debt it is to pay, the holder's remedy is an action for money paid, wherein he may show that he made the note for the indorser's accommodation, and not an action on the indorsement.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 440.*]

Action by Harry Abramowitz against Samuel Abramowitz and another. Motion of defendant for judgment on pleadings. Motion granted.

The complaint of the plaintiff above named, by Charles S. Rosenthal, his attorney, respectfully shows and alleges: (1) That at the city of New York, and heretofore and on the 15th day of October, 1906, the plaintiff herein duly made his promissory note in writing, bearing date the 15th day of October, 1906, for the sum of $250, payable four months after said date, to the order of Harry Abramowitz, No. 48 Division street, Manhattan Borough, New York City, for value received. (2) That the said note was duly indorsed by the defendants herein, and delivered over to the plaintiff in the action herein, for value received and before the maturity thereof. (3) That at the maturity of said note the same was duly presented for payment at the place of payment there mentioned, but that payment thereof was refused and the said note was duly protested for its nonpayment, notice of protest and presentment being given to the defendants herein as indorsers thereof, and the same refused by the said defendants. (4) That by reason of the protest of the said note the plaintiff herein was obliged to pay the amount of the said note, being $250, and the sum of $1.33 for protest fees, making a total in the sum of $251.33, which said amount is due and owing to the plaintiff, with interest from the 15th day of February, 1907. Wherefore, plaintiff demands judgment against the defendants for the said sum of $251.33, with interest from the 15th day of February, 1907, besides the costs and disbursements of this action.

Charles S. Rosenthal, for plaintiff.
Max Schleimer, for defendant Markowitz.

DELEHANTY, J. In my opinion the complaint herein fails to state facts sufficient to constitute a cause of action, and defendant is entitled to a judgment of dismissal upon the merits in pursuance of section 547, Code Civ. Proc., added by Laws 1908, p. 462, c. 166. The liability of an indorser of commercial paper cannot be enlarged beyond that imposed upon him by statute. Where one indorses a note in blank, he warrants to all subsequent holders in due course that he will pay the note to the holder, on receiving due notice that the maker, upon demand made at the proper time, has neglected to pay it. Section 116, Neg. Inst. Law (Laws 1897, p. 734, c. 612). That is all that the defendant in this case did. The maker of the note and the holder thereof is the plaintiff himself, and it.is quite apparent that he is in no position to maintain this action. If, as claimed, the plaintiff is but an accommodation maker of the note in question for the benefit of the defendant indorser, whose proper debt it is to pay, the plaintiff has his remedy in an action for money paid, wherein he will be able to show that he made the note for the accommodation of the indorser.

Motion granted, with $10 costs. Settle order on notice.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes